IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CV-438-FL

| | | |
|---|---|---|
| MOHAMMED LEBYED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| DTG OPERATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge David W. Daniel (DE # 56), regarding a motion to dismiss and motion for summary judgment filed by defendant. (DE ## 43, 48.) No objections to the M&R have been filed, and the time within which to make objections has expired. In this posture, the matter is ripe for ruling. For the reasons that follow, the court adopts the M&R, grants in part and denies in part defendant's motion to dismiss, and grants defendant's motion for summary judgment.

## BACKGROUND

Plaintiff initiated this action on August 28, 2008, when he filed a motion to proceed *in forma pauperis* and attached his complaint. On September 3, 2008, the court granted plaintiff's motion to proceed *in forma pauperis* and plaintiff's complaint was formally filed. Thereafter, plaintiff was allowed to amend the pleadings to name the proper defendant.

In his complaint, plaintiff, a Moroccan of Arab descent, alleges defendant discriminated against him on the basis of race, national origin, and religion in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* Defendant is a car rental company. Plaintiff alleges his

supervisor made a racist comment to him, accused him of theft of a missing rental car, and terminated plaintiff on a discriminatory basis. Plaintiff filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") on May 13, 2008, alleging defendant discriminated against him on the basis of race and national origin. The EEOC issued plaintiff a right to sue letter on June 2, 2008.

On July 21, 2009, defendant filed a motion to dismiss, arguing plaintiff's claim was not timely filed and plaintiff had failed to exhaust his administrative remedies as to his religious discrimination claim. On September 30, 2009, defendant filed a motion for summary judgment. The undersigned referred both motions to the magistrate judge for M&R, and on January 22, 2010, the magistrate judge issued M&R. Plaintiff filed a response to both of defendant's motions, but he did not object to the M&R.

## DISCUSSION

The court may "designate a magistrate judge to submit . . . proposed findings of fact and recommendations for the disposition" of a variety of motions. 28 U.S.C. § 636(b)(1)(B). The court shall make a *de novo* determination of those portions of the M&R to which a party has filed objections. 28 U.S.C. § 636(b)(1)(C). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; see Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

Here, the magistrate judge reviewed the motions and recommends the court allow in part and deny in part defendant's motion to dismiss. The magistrate judge also recommends the court allow defendant's motion for summary judgment.

The magistrate judge concludes that plaintiff's Title VII claims based on religious

2

discrimination should be dismissed because plaintiff failed to include said claims in his EEOC charge. As to plaintiff's remaining claims, the magistrate judge finds plaintiff's complaint was timely filed within the ninety (90) day statute of limitations period because plaintiff filed his motion to proceed *in forma pauperis* within this period, even though the court did not allow the motion and formally file plaintiff's complaint until after the ninety (90) day window had passed. As a result, the magistrate judge recommends granting defendant's motion to dismiss as to plaintiff's religious discrimination claim and denying defendant's motion as to plaintiff's national origin and race discrimination claims. The court agrees with these findings and recommendations.

The magistrate judge also recommends that the court grant summary judgment to defendant on plaintiff's race and national origin claims. The magistrate judge concludes plaintiff fails to establish a hostile work environment claim because plaintiff points to a single racist comment by his supervisor in support of his claim. This comment in isolation, while offensive, is insufficient to meet the severe and pervasive standard required to prevail on such a claim. As for plaintiff's disparate treatment claim, the magistrate judge finds plaintiff has failed to show that other similarly situated employees were treated differently with respect to their work schedules. With respect to plaintiff's discriminatory termination claim, the magistrate judge finds that plaintiff has failed to show or even suggest that other employees were disciplined differently or were retained after a car was stolen during their shift. The court agrees with the magistrate judge's recommendation that summary judgment for defendant is appropriate on these claims.

## CONCLUSION

After careful review of the M&R, the relevant case law, and the record, the court agrees with the magistrate judge. The conclusions reached in the M&R are supported by the controlling case law

as applied to the facts of this case. The court ADOPTS the recommendations and findings of the magistrate judge as its own. (DE # 56.) For the reasons stated therein, defendant's motion to dismiss is GRANTED in part as to plaintiff's religious discrimination claims but DENIED as to plaintiff's remaining claims. (DE # 43.) Additionally, defendant's motion for summary judgment is GRANTED. (DE # 48.) The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 6th day of March, 2010.

LOUISE W. FLANAGAN
Chief United States District Judge